UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

**INNOVATION VENTURES, LLC**
**d/b/a LIVING ESSENTIALS,**
a Michigan limited liability company,

    *Plaintiff*,

vs.

**ADVANCED HEALTHCARE DISTRIBUTORS, LLC,**
a New Hampshire limited liability company,
**CVS PHARMACY, INC.**,
a Rhode Island corporation,
**CVS CAREMARK CORPORATION**,
a Delaware corporation,

    *Defendants*.

HONORABLE _____

CIVIL ACTION NO. _____

***JURY TRIAL DEMANDED***

---

| | |
|---|---|
| MARK A. CANTOR | (P32661) |
| MARC LORELLI | (P63156) |
| THOMAS W. CUNNINGHAM | (P57899) |

**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan  48075
(248) 358-4400

    *Attorneys for Plaintiff*

# COMPLAINT AND JURY DEMAND



Plaintiff, Innovation Ventures, LLC d/b/a Living Essentials, does hereby allege for its Complaint against the Defendant as follows:

**THE PARTIES AND JURISDICTION**

1. Plaintiff, Innovation Ventures, LLC d/b/a Living Essentials (hereinafter "Living Essentials"), is a Michigan limited liability company, having its principal offices at 38955 Hills Tech Drive, Farmington Hills, Michigan 48331.

2. On information and belief, Defendant, Advanced Healthcare Distributors, LLC (hereinafter "Defendant"), is a New Hampshire limited liability company, having its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

3. On information and belief, Defendant, CVS Pharmacy, Inc. (hereinafter "Defendant"), is a Rhode Island corporation, having its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

4. On information and belief, Defendant, CVS Caremark Corporation (hereinafter "Defendant"), is a Delaware corporation, having its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

5. Defendants distribute, offer for sale and sell the accused products as described herein in the United States, in the State of Michigan and this District. Defendants conduct business in interstate commerce through an interactive website with this address: www.cvs.com, and also offer their products for sale in CVS stores in the State of Michigan and this District.



6. This Court has subject matter jurisdiction over the claims herein pursuant to 15 U.S.C. §§ 1121, 28 U.S.C. §1331, and 28 U.S.C. § 1338(a) in that this case arises under the trademark laws of the United States.

7. This Court has personal jurisdiction over the Defendants because the Defendants are conducting business in the State of Michigan and this District as alleged above, and are committing acts of infringement in this District.



**FACTUAL BACKGROUND**

*Living Essentials and Its Asserted Trademark and Packaging Trade Dress*

8.  Living Essentials is a national marketer and distributor of nutritional and dietary supplements, including 2-ounce liquid energy supplements.

9.  Living Essentials is the owner of the 5-hour ENERGY trademark used by Living Essentials since 2004 as a trademark for use with the 5-hour ENERGY 2-ounce liquid energy supplements. The 5-hour ENERGY trademarks as used on Living Essentials' products are illustrated below.



10.  Living Essentials is the owner of the 5-hour ENERGY Packaging Trade Dress for its Extra Strength product illustrated below which has been used by Living Essentials since at least 2008 as packaging for its 5-hour ENERGY products.



 

11. The 5-hour ENERGY Trademark and Packaging Trade Dress (collectively "5-hour ENERGY Products") are arbitrary, non-functional, and distinctive.

12. The 5-hour ENERGY Trademark and Packaging Trade Dress distinguish Living Essentials as the source of the products, have been extensively and continuously used by Living Essentials, are inherently distinctive, and have become distinctive through the acquisition of "secondary meaning."

13. The 5-hour ENERGY Packaging Trade Dress symbolizes the business goodwill of Living Essentials, and is an intangible asset of substantial commercial value.

14. Living Essentials' 5-hour ENERGY Trademark and Packaging Trade Dress has been extensively promoted by Living Essentials to its customers through various forms of national media, including television, radio, print, and the Internet.



15. Sales, advertising and promotion of the 5-hour ENERGY Products since 2004 have amounted to hundreds of millions of dollars.

16. As a result of the distinctive nature of Living Essentials' 5-hour ENERGY Trademark and Packaging Trade Dress, and Living Essentials' extensive nationwide display, sales, promotion, and use of same, Living Essentials' 5-hour ENERGY Trademark and Packaging Trade Dress have become associated with Living Essentials in the minds of the trade and the consuming public in the 2-ounce liquid energy supplement category.

17. Since 2004, long prior to the acts of the Defendants herein alleged, Living Essentials and its authorized distributors and dealers have used the 5-hour ENERGY Trademark in connection with its supplements, including in connection with promotion, marketing and advertising of supplements, for sale throughout the world, including the United States and this District.

18. Since 2008 Living Essentials and its authorized distributors, dealers, and licensees have used the 5-hour ENERGY Packaging Trade Dress in connection with its supplements, including in connection with promotion, marketing and advertising of supplements, for sale in the United States, including this District.

19. As a result of such continuous use and extensive sales, advertising and promotion of the 5-hour ENERGY Trademark and Packaging Trade Dress by Living Essentials, its authorized dealers and distributors throughout the United States, the marks and products associated with the 5-hour ENERGY Trademark and Packaging Trade Dress



enjoy recognition and a famous reputation, and are recognized by the public as emanating from Living Essentials.

20.     The 5-hour ENERGY Trademark and Packaging Trade Dress are famous marks and represent property of great value and goodwill to Living Essentials.

*Defendants' Activities*

21.     Subsequent to Living Essentials' use of the 5-hour ENERGY Trademark as above alleged, and with actual knowledge of Living Essentials' use of the 5-hour ENERGY Trademark, and with the intent to misrepresent the source of Defendants' goods, Defendants adopted and are using 7 HOUR ENERGY, that is confusingly similar and/or a colorable imitation of Living Essentials' 5-hour ENERGY Trademark, in connection with the advertising, offering for sale and sale of 2-ounce liquid energy supplements in the United States, in the State of Michigan, and this District.   Photographs of Defendants' products are illustrated below.

  

22. Subsequent to Living Essentials' use of the 5-hour ENERGY Packaging Trade Dress as above alleged, and with actual knowledge of Living Essentials' use of the 5-hour ENERGY Packaging Trade Dress, and counterfeits thereof, and with the intent to misrepresent the source of Defendants' goods, Defendants copied, adopted and are using packaging which is confusingly similar with and/or a colorable imitation of Living Essentials' 5-hour ENERGY Packaging Trade Dress, in connection with the advertising, offering for sale and sale of 2-ounce liquid energy supplements in the United States, in the State of Michigan, and this District. Illustrations of Defendants' packaging is illustrated below:




23. Defendants have no consent, license, approval or other authorization to use the 5-hour ENERGY Trademark and Packaging Trade Dress or a colorable imitation thereof in connection with its products.

24. Defendants' use of 7 HOUR ENERGY and its packaging, that is confusingly similar and/or a colorable imitation of Living Essentials' famous 5-hour



ENERGY Trademark and Packaging Trade Dress, as alleged in the foregoing paragraphs clearly shows the willful intent of the Defendants to misrepresent the source of Defendants' goods so as to cause confusion, mistake or to deceive as to Defendants' connection or association with Living Essentials.



## - COUNT I -
## FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, TRADEMARK INFRINGEMENT, AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

25. Living Essentials repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

26. Despite Living Essentials' well-known prior rights in the 5-hour ENERGY Trademark and Packaging Trade Dress, Defendants have knowingly used and continue to use in commerce 7 HOUR ENERGY and related trade dress, that is confusingly similar and/or a colorable imitation of Living Essentials' 5-hour ENERGY Trademark and Packaging Trade Dress in connection with the products that the Defendants manufacture, advertise, promote, and sell.  Defendants have used colorable imitations of the 5-hour ENERGY Trademark and Packaging Trade Dress knowing that the marks will cause confusion with Living Essentials' 5-hour ENERGY and Packaging Trade Dress and 2-ounce liquid energy supplements.

27. Defendants' use of 7 HOUR ENERGY and trade dress alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' products, and is likely to cause such people to believe in error that Defendants' products have been authorized, sponsored, approved, endorsed, or licensed by Living Essentials or that the



Defendants are in some way affiliated with Living Essentials or with the 5-hour ENERGY brand.

28.  Defendants' actions constitute willful infringement of Living Essentials' exclusive rights in the 5-hour ENERGY Trademark and Packaging Trade Dress.

29.  Defendants' acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods, and constitute a violation of 15 U.S.C. § 1125(a).

30.  By reason of Defendants' actions, Living Essentials has suffered irreparable harm to the valuable 5-hour ENERGY Trademark and Packaging Trade Dress. Unless Defendants are restrained from its actions, Living Essentials will continue to be irreparably harmed.

31.  Living Essentials has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

32.  As a direct and proximate result of Defendants' conduct, Living Essentials has suffered damages to its valuable 5-hour ENERGY Trademark and Packaging Trade Dress and other damages in an amount to be proved at trial.



- **COUNT II -**
## COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT

33.     Living Essentials repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

34.     Living Essentials was the first to use the 5-hour ENERGY Trademark and Packaging Trade Dress or any mark similar thereto in association with the sale of any product and service.  As a result of the continued sale by Living Essentials of 5-hour ENERGY Products bearing the 5-hour ENERGY Trademark and Packaging Trade Dress since 2004 and 2008, respectively, the 5-hour ENERGY Trademark and Packaging Trade Dress have become widely known and Living Essentials has become identified in the public mind as the manufacturer and/or licensor of the products to which the 5-hour ENERGY Trademark and Packaging Trade Dress is applied.

35.     As a result of the experience, care, and service of Living Essentials in producing 5-hour ENERGY Products, 5-hour ENERGY Products have become widely known and have acquired a famous reputation for quality and performance.  Moreover, the 5-hour ENERGY Trademark and Packaging Trade Dress have become associated with 5-hour ENERGY Products, and have come to symbolize the reputation for quality and excellence of 5-hour ENERGY Products.  The 5-hour ENERGY Trademark and Packaging Trade Dress have become distinctive.



36. Defendants, with knowledge of and with intentional disregard of Living Essentials' rights, continue to advertise, promote, and sell products with a confusing imitation of Living Essentials' 5-hour ENERGY Trademark and Packaging Trade Dress. Such acts by the Defendants have caused and continue to cause confusion as to the source and/or sponsorship of Defendants' products.

37. Defendants' acts constitute willful infringement of Living Essentials' exclusive rights in its 5-hour ENERGY Trademark and Packaging Trade Dress, in violation of the common law. By reason of Defendants' actions, Living Essentials has suffered irreparable harm to its valuable 5-hour ENERGY Trademark and Packaging Trade Dress. Unless Defendants are restrained from further infringement of the 5-hour ENERGY Trademark and Packaging Trade Dress, Living Essentials will continue to suffer irreparable harm.

38. Living Essentials has no remedy at law that will adequately compensate it for the irreparable harm that it will suffer if Defendants' conduct is allowed to continue.

39. As a direct and proximate result of Defendants' conduct, Living Essentials has suffered damages to the valuable 5-hour ENERGY Trademark and Packaging Trade Dress and other damages in an amount to be proved at trial.



# DEMAND FOR RELIEF

WHEREFORE, Living Essentials demands entry of a judgment granting relief against the Defendants as follows:

  A. A determination that the Defendants have violated 15 U.S.C. § 1125(a), that Living Essentials has been damaged by such violations, and that the Defendants are liable to Living Essentials for such violations;

  B. A determination that the Defendants have committed common law trademark and trade dress infringement, that Living Essentials has been damaged by such infringement, and that Defendants are liable to Living Essentials for common law trademark and trade dress infringement;

  C. A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

  D. Under all claims for relief, that injunction be temporarily, preliminarily, and permanently issued enjoining Defendants, their officers, employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

    (1) using the 7 HOUR ENERGY mark on its 2-ounce liquid energy supplements;



(2)    imitating, copying, or making any unauthorized use of the 5-hour ENERGY Trademark and Packaging Trade Dress or anything confusingly similar thereto;

(3)    importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of either the 5-hour ENERGY Trademark and Packaging Trade Dress;

(4)    using any simulation, reproduction, counterfeit, copy or colorable imitation of the 5-hour ENERGY Trademark and Packaging Trade Dress in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of any product or service;

(5)    using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting the 5-hour ENERGY Trademark and Packaging Trade Dress) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants are in any manner associated or connected with Living Essentials, the 5-hour ENERGY brand, or the 5-hour ENERGY Trademark and Packaging Trade Dress, or is sold, manufactured, licensed, sponsored, approved or authorized by Living Essentials.

E.    For an order directing that Defendants deliver for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession



or under their control, bearing or using 7 HOUR ENERGY and/or the packaging trade dress identified herein, or any other simulation, reproduction, or colorable imitation of Living Essentials' 5-hour ENERGY Trademark and Packaging Trade Dress, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

      F.    For an order directing the destruction of any infringing articles pursuant to 17 U.S.C. §503;

      G.    For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Living Essentials or related in any way to 5-hour ENERGY Products;

      H.    For an Order directing the Defendants and their agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon Living Essentials' counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment;

      I.    An Order permitting Living Essentials, and/or auditors of Living Essentials, to audit and inspect the books, records, and premises of the Defendants and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendants' past use of Living Essentials' intellectual property, including all manufacturing, distribution, and sales of products bearing the 7 HOUR ENERGY Trademark , as well as the Defendants' compliance with the orders of this Court;



J.   For an award of Living Essentials' costs and disbursements incurred in this action, including Living Essentials' reasonable attorney's fees;

K.   For an award of Living Essentials' damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Living Essentials' costs and attorney's fees, pursuant to 15 U.S.C. § 1117;

L.   For an award of Living Essentials' damages arising out of Defendants' acts;

M.   For an order requiring Defendants to file with the Court and provide to Living Essentials an accounting of all sales and profits realized by Defendants through the use of the 5-hour ENERGY Trademark and Packaging Trade Dress or colorable imitations thereof;

N.   For an award of interest, including pre-judgment interest on the foregoing sums; and

O.   For such other and further relief as the Court may deem just and appropriate.



## VII.  DEMAND FOR JURY

Plaintiff, Living Essentials, demands a trial by jury for all issues so triable.

         Respectfully submitted,

         **BROOKS KUSHMAN P.C.**

By:  /s/ Thomas W. Cunningham
     MARK A. CANTOR      (P32661)
     MARC LORELLI        (P63156)
     THOMAS W. CUNNINGHAM  (P57899)
     1000 Town Center
     Twenty-Second Floor
     Southfield, Michigan  48075
     (248) 358-4400
     Email: mcantor@brookskushman.com
            mlorelli@brookskushman.com
            tcunningham@brookskushman.com

     *Attorneys for Plaintiff*

Dated:  November 5, 2009

